UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| George K. Pragovich, | ) | |
|       Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 08-mc-4017 |
| | ) | |
| Internal Revenue Service, Joseph | ) | |
| Conroy, and Sam Anderson, | ) | |
|       Defendant | ) | |

**ORDER AND OPINION**

Now before the Court is the petition (#1) by George Pragovich to quash two summonses issued by the Internal Revenue Service to Matthew Brandt and Nancy J. Brandt, both of Andover, Illinois. The summonses were among 22[1] that were issued in the IRS investigation of George Pragovich and his business, National Justice Center. The Defendants responded to the petition by filing a motion to dismiss the petition (#9).

The IRS has broad summons authority under 26 U.S.C. 7602, and it may seek enforcement of any summons it issues by establishing a *prima facie* case that the summons was issued in good faith. U.S. v. Kis, 658 F.2d 526,538 (7th Cir. 1981), cert. denied, 455 U.S. 1018. As the Seventh Circuit has noted, "That isn't much of a hurdle." 2121 Arlington Heights Corp. v.IRS, 109 F.3d 1221, 1224 (7th Cir. 1997). The government must show: (1) the summons was issued for a legitimate purpose; (2) the summoned information may be relevant to that purpose; (3) the information sought is not already within the IRS's possession; and (4) the administrative steps required by the internal Revenue Code for issuance and service of the summons have been

---

[1] Pragovich has brought similar petitions in 14 other judicial districts in connection with the other summonses served on other potential witnesses in the investigation.

followed.  U.S. v. Powell, 379 U.S. 48, 57 (1964).  The requisite facts may be shown by affidavit of the IRS agent conducting the audit or the investigation.  See, 2121 Arlington Heights Corp. , 109 F.3d at 1224.

Once the government has met its burden,  the taxpayer  must meet the heavy burden of showing that enforcement of the summons would constitute an abuse of process.  It can do that either by disproving the existence of one of the Powell factors or by pointing to specific facts suggesting that the IRS issued the summons in bad faith.  See,  U.S.  v. Stuart, 489 U.S. 353, 360 (1989);  Powell, 379 U.S. at 58;  2121 Arlington Heights Corp., 109 F.3d at 1224;  U.S. v. Michaud, 907 F.2d 750, 752 (7th Cir.1990);  Kis, 658 F.2d at 538.

In the case before the Court, Revenue Agent and Defendant Joseph Conroy has filed an affidavit showing the following.  The IRS is investigating Pragovich pursuant to 26 U.S.C. §§ 6700 and 6701 to determine if he is liable for penalties for promoting an abusive tax-fraud scheme.  The information sought in the two summonses will help to establish whether Pragovich assisted the Brandts in filing frivolous "tax-protester" type lawsuits[2] or otherwise assisting them in evading payment of federal income taxes.  Pragovich, who is not an attorney, has been identified by several "customers" as a promoter who helped in filing suit and charged a $5,000 fee plus $250 per hour for doing so.  There are a total of 193 lawsuits filed in the District of Columbia which, according to Conroy, "appear to have the same origin as they are identical in format and use practically identical legal arguments."

The IRS is surely authorized to investigate illegal tax protester strategies and activities, and the Brandt subpoenas at issue in this case are relevant to just such an investigation.  The first and second prongs of the Powell test are met.

---

[2]according to the IRS, the Brandts filed two such lawsuits in the District of Columbia.

Conroy's affidavit states that the IRS does not currently possess the documents subpoenaed from the Brandts. Pragovich does not dispute that statement. The third prong of the Powell test is met.

The affidavit also states that the summonses were served on the Brandts via certified mail, rather than personally. Personal service is required under 26 U.S.C. § 7603(a). However, Pragovich himself cannot challenge the manner of service on some third party; that challenge belongs to the party who was subpoenaed. See, U.S. v. Insurance Consultants of Knox, Inc., 187 F.3d 755 (7th Cir. 1999). Where the manner of service caused no prejudice to the taxpayer - and here there is none asserted - such technical deficiencies have been found insufficient to bar enforcement of the subpoena. See, Insurance Consultants, 187 F.3d at 762; U.S v. Texas Heart Inst., 755 F.2d 469 478 (5th Cir. 1985); Wright v. U.S., 964 F. Supp. 336 (M.D.Fla.), aff'd 132 F.3d 1461 (11th Cir. 1997). With that technical exception, the affidavit shows that all other statutory and administrative steps were followed. In particular, Pragovich was properly notified of the issuance of the summonses, as evidenced by his challenge to the summonses. The fourth prong of Powell is satisfied.

I conclude that the IRS has met its burden of showing that the summonses were not issued in bad faith. It is therefore the heavy burden of Pragovich to either disprove the existence of one of the Powell factors - which he does not attempt to do - or to point to specific facts suggesting bad faith on the part of the IRS. In 2121 Arlington Heights Corp., the Seventh Circuit equated that burden to showing that enforcement would be an "abuse of process." 109 F.3d at 1224. Mere conclusions will not suffice to meet that burden; specific facts and evidence is required. Id.

Pragovich asserts that the IRS acted in bad faith in order "to chill" his First Amendment

right to petition for the redress of grievances³. His argument is that the summonses recipients are plaintiffs in various lawsuits. I seriously doubt that Pragovich can raise the constitutional rights of the Brandts. Even assuming for the sake of argument that he can, however, both of the Brandt's lawsuits were dismissed⁴ before these summonses were issued, so it is hard to see how any chilling might have occurred in this instance. There can be no claim of violation of someone's right of access to the court in the absence of some hindrance to a legitimate legal claim. No such claim is presented here.

I finally note that any First Amendment right of his own that Pragovich may have raised relates to what is clearly commercial speech, that is, "expression related solely to the economic interests of the speaker and its audience." Central Hudson & Elect. Corp. v. Public Serv. Comm'n of New York, 447 U.S. 557, 563(1980). The Constitution accords a lesser protection to commercial speech than to other forms of expression. Id.. The level of protection hinges on the nature of the expression and on the importance of the governmental interest in regulating such speech. Id.

The government clearly has a high degree of interest in regulating speech designed to violate the Tax Code. In a line of tax-protester cases, Courts have unanimously applied this principle to hold that commercial speech that is misleading, fraudulent or related to illegal

---

³Actually, Pragovich mentions a wide panoply of First Amendment rights, but the only right he attempts to develop via argument and authority is the right to petition for redress of grievances. Perfunctory and undeveloped arguments are waived. See Finance Investment Co. v. Geberit AG, 165 F.3d 526 (7th Cir. Dec. 23, 1998); Indurante v. Local 705, International Brotherhood of Teamsters, 160 F.3d 364, 366 (7th Cir. 1998); Kauthar SDN BHD v. Sternberg, 149 F.3d 659, 668 (7th Cir. 1998), cert. den., 119 S.Ct. 890 (1999).

⁴See discussion in Brandt v. U.S., Case. No. 06-cv-1199, D.D.C.

activity is not protected at all.  See, U.S. v. Raymond, 228 F.3d 804, 807 and 815 (7th Cir. 2000)(enjoining as "false or misleading commercial speech" ads and a book relating to a tax scheme);   U.S. v. Schiff, 379 F.3d 621, 626-30 (9thy Cir. 2004)(Upholding preliminary injunction against publication and sale of book that was "linchpin" of a tax avoidance scheme as "fraudulent commercial speech").

Pragovich has utterly failed in his efforts to show the Court that these subpoenas were issued in bad faith or that the investigation into his business was undertaken for any purpose other than enforcement of the Internal Revenue Tax Code.  While there is no question that the rights protected by the First Amendment are "among the most precious of the liberties safeguarded by the Bill of Rights,"  UMW v. ISBA, 389 U.S. 217,222 (1967);  BE&K Construction Co. v. NLRB, 636 U.S. 516 (2002),  Pragovich's reliance on  broad and general legal statements about the right to petition  offers no insight into the particular type of commercial speech that is presented here.

Pragovich's Petition to Quash (#1) the subpoenas on the Brandts is denied.  The government's motion to dismiss the Petition (#9) is accordingly moot.  This case is closed.

ENTERED ON  July 1, 2008

              s/ John A. Gorman

           JOHN A. GORMAN
         UNITED STATES MAGISTRATE JUDGE